**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VICKY PURDY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-25-1440-D |
| HEIDI POINDEXTER, et al., | ) | (Case Remanded to Kay County District Court, CJ-25-00239) |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand and Brief in Support [Doc. No. 11], to which Defendant filed a response. [Doc. No. 12]. The matter is fully briefed and at issue.

## BACKGROUND

This action arises from a car wreck involving Plaintiff and Heidi Poindexter. Plaintiff asserts claims for negligence and negligence per se against Poindexter, and claims for breach of contract and bad faith against her insurer, Progressive Direct Insurance Company (Progressive).

Plaintiff alleges that Poindexter failed to properly yield when making a left-hand turn and ran into Plaintiff's car. Plaintiff was injured and taken to the hospital by ambulance to receive medical treatment.

Plaintiff was a Medicare beneficiary insured under a Medicare supplement policy. She was also insured by Progressive under an auto liability policy that included $5,000 in medical payments coverage.

Plaintiff asserts that, within 24 hours of the wreck, Progressive opened an insurance claim on her behalf. She alleges Progressive was aware that Plaintiff was a Medicare beneficiary, Medicare could be a payor of her medical bills, and Progressive and Plaintiff were required to protect any Medicare right to recovery that was identified.

The hospital submitted Plaintiff's medical bill to Medicare, and received payment on October 8, 2024. But on October 12, 2024, Plaintiff alleges that the hospital also sent the medical bill to Progressive who issued a $5,000.00 payment without advising Plaintiff.

Plaintiff argues that, due to Progressive's actions, she has been exposed to a Medicare lien that was not properly protected by Progressive. She contends there were other medical bills that were not presented to Medicare for payment, but if she had personally received her medical payments check from Progressive, she could have determined which medical bills she needed to pay and how to address the Medicare lien.

Plaintiff brought this action in state court asserting claims against Progressive and Poindexter arising from the car wreck and the handling of Plaintiff's medical bills. Progressive timely removed the case to this Court on December 1, 2025. In its notice of removal, Progressive alleges that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction. Progressive contends that Plaintiff's claim against Poindexter is procedurally misjoined. Therefore, the Court should sever and remand to state court the claims against Poindexter and retain jurisdiction over the claims against Progressive. Alternatively, Plaintiff alleges that the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## STANDARD OF DECISION

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). After removal, a party may move to remand the case back to state court "for lack of subject matter jurisdiction [or] for defects in removal procedure" pursuant to 28 U.S.C. § 1447(c). *Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006) (citation omitted). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted).

## DISCUSSION

### I. Procedural Misjoinder

Procedural misjoinder "occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010) (quotation omitted). "Courts that apply the doctrine effectively carve away procedurally misjoined parties, resolving the jurisdictional spoiler and leaving the Court with diversity jurisdiction." *Emergency Servs. of Okla., PC v. United HealthCare Ins. Co.*, Case No. CIV-19-430-JD, 650 F. Supp. 3d 1211, 1224 (W.D. Okla. Mar. 2, 2022).

Progressive contends Plaintiff's negligence claim against Poindexter is procedurally misjoined with Plaintiff's contract-based claims against Progressive. In support,

Progressive argues the claims do not arise out of the same transaction or occurrence. Specifically, the negligence claim against Poindexter involves liability and damages caused during the wreck and the claims against Progressive involve the handling of Plaintiff's medical bills arising from the wreck.

"[O]n the two occaisons that the Tenth Circuit has addressed the doctrine [of procedural misjoinder], it has neither adopted nor rejected its application." *Core Dev. TCB, LLC v. Covington Specialty Ins. Co.*, Case No. CIV-24-925-PRW, 2024 WL 5191378, at *2 (W.D. Okla. Dec. 20, 2024) (citing *Lafalier*, 391 F. App'x at 739; *Parson v. Johnson & Johnson*, 749 F.3d 879, 893 (10th Cir. 2014)). Due in part to the lack of controlling authority on the application of this doctrine, numerous judges in this district have declined to adopt the procedural misjoinder doctrine. *See Emergency Servs. of Okla., PC*, 650 F. Supp. 3d at 1226 ("With no constitutional provision, statute, or binding precedent allowing this Court to apply procedural misjoinder, [defendants] have failed to meet their burden to establish that removal is proper."); *Dillsaver v. Williams*, Case No. CIV-22-265-G, 2025 WL 2623455, at *4 (W.D. Okla. Sept. 11, 2025) (citing *Fajen*, 683 F.2d at 333) ("The Court finds these many decisions persuasive and, in light of the requirement to resolve all doubts 'against removal,' declines to apply procedural misjoinder as the basis to ignore the citizenship of [defendant]."); *Sanelli v. Farmers Ins. Co., Inc.*, Case No. CIV-23-263-SLP, 2023 WL 3775177, at *4 (W.D. Okla. June 2, 2023) ("Without any controlling precedent as to the adoption of the doctrine of fraudulent misjoinder, including the parameters of the doctrine and the applicable governing standard, the Court declines to adopt it."); *Progressive Well Serv., Inc. v. Hanover Ins. Co.*, Case No. CIV-22-139-J, 2022 WL

22869769, at * 2 (W.D. Okla. Apr. 8, 2022) ("Finding the analysis in [*Nichols v. Medtronic, Inc.*, Case No. CIV-20-326-F, 2020 WL 3050770, at *3-4 (W.D. Okla. June 8, 2020)] instructive, the Court adopts its conclusion: 'In the absence of direction from the Supreme Court, the Tenth Circuit or a majority of the circuits, the court declines to apply the [procedural] misjoinder doctrine.'"). The Court agrees with the reasoning in these cases and declines to adopt the doctrine of procedural misjoinder in this action.

## II. Substantial Federal Question Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The Supreme Court has cabined jurisdiction under § 1331 by application of the well-pleaded complaint rule, which provides 'that the federal question must appear on the face of a well-pleaded complaint and may not enter in anticipation of a defense.'" *Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1255 (10th Cir. 2022) (quoting *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 494 (1983)). "[T]he well-pleaded complaint rule is a powerful doctrine that severely limits the number of cases in which state law creates the cause of action that may be initiated in or removed to federal court." *Id.* (quotation and citation omitted).

"[A] federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). A "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the

parties." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). "But this circumstance describes a 'special and small category' of cases." *Bd. of Cnty. Comm'rs of Boulder Cnty.*, 25 F.4th at 1257 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

"A federal court can exercise federal-question jurisdiction over an action that pleads only state-law claims if those claims 'require[] resolution of a substantial question of federal law in dispute between the parties.'" *Id.* (quoting *Franchise Tax Bd.*, 463 U.S. at 13). In determining this, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 345 U.S. at 314. "The 'substantial question' branch of federal question jurisdiction is exceedingly narrow." *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012). "It is not triggered by a 'mere need to apply federal law in a state-law claim.'" *Bd. of Cnty. Comm'rs*, 25 F.4th at 1257 (quoting *Grable*, 545 U.S. at 313). "Nor can it be triggered solely by a federal defense, in keeping with the well-pleaded complaint rule." *Id.* (citing *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 947 (10th Cir. 2014)).

Progressive argues that even if the Court declines to apply the procedural misjoinder doctrine here, the Court should find it has substantial federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Namely, Progressive asserts that questions of law and fact relating to sections of the Medicare Secondary Payer (MSP) statute will be necessarily raised in this action.

In support, Progressive points to two specific provisions of the MSP it argues will be at issue here. 42 U.S.C. § 1395y(b)(2)(A) provides that "[p]ayment . . . may not be made . . . with respect to any item or service to the extent that[] . . . payment has been made or can reasonably be expected to be made . . . under an automobile or liability insurance policy plan including a self-insured plan or under no fault insurance." Further, the MSP provides that "an entity that receives payment from a primary plan, shall reimburse the appropriate Trust Fund for any payment made . . . if it has demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service." *Id.* § 1395y(b)(2)(B).

Progressive asserts that Plaintiff's claim against it will necessarily include priority of payments between the auto policy and Medicare, and, therefore, require interpretation of these provisions of the MSP. Specifically, Progressive argues that the MSP makes Medicare the secondary payer for medical services provided to Medicare beneficiaries whenever payment is available from another primary payer. In response, Plaintiff asserts her claims against Defendants are governed solely by Oklahoma state law.

Even if Plaintiff's contract-based state law claims against Progressive require interpretation of the federal statute, the Court finds the claim does not raise a substantial federal question sufficient to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331. Rather, this is an instance where there is a "mere need to apply federal law in a state-law claim." *Bd. of Cnty. Comm'rs*, 25 F.4th at 1257 (quotation omitted). The Court finds that Plaintiff's claims center predominately on state law. Any federal question arising from the MSP is not sufficient to establish there is a substantial federal question involved.

Accordingly, the Court does not have subject matter jurisdiction based on federal question jurisdiction over this action.

## CONCLUSION

For the reasons stated herein, the Court declines to apply the procedural misjoinder doctrine and finds that Defendant Progressive has not established the presence of a substantial federal question. Accordingly, the Court lacks subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand and Brief in Support [Doc. No. 11] is **GRANTED**, and the case is **REMANDED** to the District Court of Kay County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Kay County. Each side shall bear their own attorneys' fees, costs, and expenses incurred as a result of the removal and remand.

**IT IS SO ORDERED** this 21st day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE